THE STATE ex inf. MYTTON, Prosecuting Attorney, Appellant, v. RACKLIFFE.

### In Banc, October 30, 1901.*

City Officer: REPEAL OF STATUTE: LEGISLATIVE INTENT. The repealing of a statute creating a city office, abolishes the office, and, perforce, removes the incumbent thereof at the end of the term for which he was elected. Nor is the office any the less abolished because the Legislature, by another unconstitutional act, undertook to continue the office and to provide another method for his election. Nor can it be implied that the Legislature, having repealed the statute creating the office, meant to continue the office by the fact that it did not repeal a kindred statute prescribing the officer's duties, but on the contrary the repeal of the later statute necessarily followed by implication the repeal of the former. Nor can the force of a constitutional repealing statute be impaired by the fact that, by the enactment of an unconstitutional substitute, the whole legislative will was not accomplished.

Appeal from Buchanan Circuit Court.—*Hon. A. M. Woodson,* Judge.

REVERSED AND REMANDED.

*H. M. Ramey* and *Stauber, Crandall & Strop* for appellant.

(1) It is an elementary proposition that there can be no officer *de facto* unless there is an office *de jure*. This proposi-

NOTE.—Decided June 29, 1901; motion for rehearing filed; overruled October 30, 1901.

tion is so well settled that it is not deemed necessary to cite authorities in support thereof. (2) The office of engineer being an office created by the Legislature, the Legislature had the power to abolish it. State v. Davis, 44 Mo. 129; Wilcox v. Rodman, 46 Mo. 322. (3) When the act of the General Assembly entitled "An Act to repeal section 5537 and to create a new section in lieu thereof," was passed and approved, the office of city engineer was abolished, and the respondent's right to hold and exercise said office terminated instanter, and the fact that the general statutory provisions prescribing the duties of said officer were not in express terms repealed, did not keep the office in existence. Green v. Commissioners, 176 Ill. 576; Gaino v. State, 10 Ohio St. 238; State ex rel. v. Jennings, 57 Ohio St. 415. (4) When the Legislature has omitted, by mistake or otherwise, to make the necessary provisions to carry out its intention, the court can not, by construction, supply the omission. State ex rel. v. Simon, 26 Pac. Rep. 170; Green v. Commissioners, supra. (5) The fact that the office is one of necessity and that the Legislature provided no office to take the place of the one abolished by the repealing statute, gives the court no right to set aside or hold for naught the repealing statute. Commissioners v. George, 47 S. W. 783.

*Vories & Vories* and *Brown & Dolman* for respondent.

(1) The Act of March 13, 1901, repealing section 5537, Revised Statutes 1899, providing that the city engineer be appointed by the mayor, by and with the consent of the common council, and the act approved March 14, 1901, creating a board of public works in cities of one hundred thousand and less than one hundred and fifty thousand inhabitants, and providing that in all cities of the second class such board shall appoint the city engineer, relate to the same subject-matter,

and are a part of the same plan. Being *in pari materia,* they should be read as one act, and being so read they show upon their face that the legislative intention was not to abolish the office of city engineer but to continue it, merely changing the manner of his appointment. The acts "are treated as having formed in the minds of the enacting body parts of a connected whole, though considered by such body at different dates, and under distinct and varied aspects of the common subject." Sedgwick on Stat. Con., sec. 288; Black on Interpretation of Laws, p. 207; State v. Clark, 54 Mo. 216; People v. Jackson, 30 Cal. 427; Chandler v. Lee, 1 Idaho, N. S. 349. (2) And although a part of the statute be unconstitutional, and must therefore be rejected, and denied any effectual operation, yet it can not be disregarded in putting an interpretation on the remainder. Commonwealth v. Pitts, 79 Pa. St. 164. (3) But if, considering the course of legislation on the particular subject, it appears that the other provisions were, in the legislative mind, dependent upon the unconstitutional parts, then the whole is unconstitutional. Copeland v. St. Joseph, 126 Mo. 428. (4) And even the words of absolute repeal are subject to the same rules of interpretation as other acts, and the intent, as ascertained from other parts of the same act, and from other acts *in pari materia* must prevail over their literal interpretation. Smith v. The People, 47 N. Y. 336. (5) It is the "substance of the powers conferred" that constitutes the office, and not the name by which it may be called. Deitz v. City of Central, 1 Col. 329; People v. Jobs, 7 Colo. 589; Quigg v. Evans, 53 Pac. Rep. (Cal.) 1093; City of Brookfield v. Tooey, 141 Mo. 624; People v. Bedell, 2 Hill (N. Y.), 196. (6) The mere legislative recognition of the existence of an office has always been held sufficient to create it. Small v. Field, 102 Mo. 119; Stewart v. Perkins, 110 Mo. 667; Wells v. Nickels, 104 U. S. 444.

BRACE, J.—This is an action in the nature of quo warranto by the prosecuting attorney of Buchanan county, to oust the defendant from the office of city engineer of the city of St. Joseph, a city of the second class in said county, in which the circuit court overruled a demurrer to the return, and the plaintiff standing on the demurrer, brings the case here by appeal.

The defendant claims right to the office by virtue of his appointment thereto under the provisions of article 3, chapter 91, Revised Statutes 1899, entitled "Cities of the Second Class." Section 5537, of which, provides that, "In all such cities there shall be a city clerk, city engineer, city assessor, city counsellor and city comptroller, who shall be appointed by the mayor, by and with the advice and consent of the common council, and shall hold their office for the term of two years, unless sooner removed, and who shall perform such duties as may be prescribed by this or any ordinance of the city." By section 5541 of said article it is further provided that "the city engineer shall superintend the construction of all public works ordered by the common council; shall make out plans, specifications and estimates thereof, and do the engineering and surveying ordered by the city, and perform such other duties as may be prescribed by ordinance;" and by section 5548 of the same article it was made his duty, in conjunction with the comptroller, "to open and inspect all bids of contractors for public works, and to approve and safely keep all bonds given by contractors for the faithful performance of public contracts." By the ordinances of the city of St. Joseph it is provided that "all officers of this city, unless otherwise provided by law or ordinance, shall hold their offices for two years, and until their successors shall be duly appointed and qualified, and their terms of office, when not otherwise directed, shall commence on the third Monday in April."

Under these provisions the defendant, in April, 1899, was

duly appointed city engineer, qualified, entered upon the discharge of the duties of such office, and since has continued to hold the same, although his term of office expired on the third Monday in April, 1901, claiming right to hold the same on the ground that no one has ever been legally elected to succeed him therein. This controversy grows out of the following legislation:

By an act of the General Assembly approved March 13, 1901 (Laws 1901, p. 60), entitled "An Act repealing sections 5537, 5538, and 5548 of the Revised Statutes of Missouri, 1899, relating to the city officers in cities of the second class, and enacting new sections in lieu thereof, with an emergency clause," it was enacted as follows:

"Be it enacted by the General Assembly of the State of Missouri, as follows:

"Section 1. That section 5537 of the Revised Statutes of Missouri be and the same is hereby repealed and the following section enacted in lieu thereof:

"Section 5537. *Other Officers.*—In all cities there shall be a city clerk, city assessor and city counsellor, who shall be appointed by the mayor, by and with the advice and consent of the common council, and shall hold their office for the term of two years unless sooner removed, and who shall perform such duties as may be prescribed by this article or any ordinance of the city.

"Sec. 2. That section 5538 of the Revised Statutes of Missouri, 1899, be and the same is hereby repealed and the following section enacted in lieu thereof:

"Section 5538. *City Attorney, Judge of Police Court, Etc.*—There shall also be a judge of the police court, and city attorney, who shall be elected by the qualified voters of said city, to hold their offices for the term of two years; a city auditor and city treasurer, who shall hold their offices for a term of

four years; also a city comptroller, who shall be elected by the qualified voters of said city at the city election to be held on the first Tuesday after the first Monday in April, 1901, to hold his office for a term of three years, thereafter the term of city comptroller shall be four years; said officers to hold their offices until their successors are duly elected and qualified, and in addition to the duties prescribed by this article, perform such other duties as may be prescribed by ordinance. There shall also be such other officers, servants and agents of the corporation as may be provided by ordinance, who shall perform such duties as may be prescribed by ordinance."

By section 3 of the act, repealing section 5548 and adopting a new section of the same number in lieu thereof, the duties of the "comptroller" are prescribed, and no mention is made of the city engineer. The act concludes as follows:

"Sec. 4. The fact that the cities of the second class are desirous of affecting [effecting] the changes herein contemplated in the office of comptroller at the election to be held in such cities on the first Tuesday after the first Monday in April, 1901, creates an emergency within the meaning of the Constitution; therefore, this act shall be in force and take effect from and after its passage."

By this complete, independent and constitutional enactment the law creating the office of "city engineer," in cities of the second class, was expressly repealed, and thereafter there existed no express statutory authority for the exercise of its functions by anyone.

Afterwards, by section 5 of an act "approved March 14, 1901 (Laws 1901, p. 75), entitled, "An Act creating a board of public works in cities of 100,000 and less than 150,000 inhabitants, prescribing its powers and duties, and repealing all acts or parts of acts inconsistent therewith, with an emergency clause," it was provided that, "from and after the passage and

approval of this act such board of public works shall appoint
the city engineer and street commissioner in all cities of the sec-
ond class who shall hold their offices under such appointment
during the pleasure of the board. . . . . . . Said city engineer
shall, under the direction of said board, superintend the con-
struction of all public works, make plans, specifications and
estimates thereof, do all surveying and engineering ordered by
the city, and perform such other duties as may be prescribed
by said board, or by ordinance."

Under this act, at the city election in April, 1901, a board
of public works for the city of St. Joseph was elected who, in
pursuance of the foregoing provision of section 5 thereof, ap-
pointed a city engineer.    But in an action against the members
of such board so elected, of like character with the one in hand,
in an opinion this day handed down, this act was held to be
unconstitutional and void.    [State ex inf. Mytton v. Borden
et al., 164 Mo. 221.]    And thus it is, that no person has been
legally appointed to succeed the respondent as city engineer,
and his counsel contend that, although section 5537 of article
3, chapter 91, Revised Statutes 1899, by which the office of
city engineer was created, was expressly repealed by the act
approved March 13, 1901, yet as section 5541 of the former
act, which prescribes generally the duties of that officer, was
not expressly repealed, and that as in pursuance thereof he has
been charged by the ordinances of the city with many duties
upon the faithful discharge of which the welfare, progress and
prosperity of the city is dependent, and as it appears from the
unconstitutional act aforesaid, that it was the intention of the
Legislature that the office should be continued under that act,
it ought to be held that the office is still extant, and that the
respondent is the legal incumbent thereof.    It may well be,
that if the office was still extant the respondent would be the
legal incumbent thereof, no successor to him having been le-

gally appointed. But how he can be the legal incumbent of an office created by statute when the statute creating it has been expressly repealed, it is difficult to see. The contention of his counsel, however, is, in brief, that this may be, by implication by implying from the things not done by the Legislature, in which may be included the unconstitutional act aforesaid which being void *ab initio* is as though it had never been passed: a legislative intent *not to do* the thing which the Legislature in fact *did,* and with the supposititious intent, thus raised, overcome its expressed will. It goes without saying that we have looked in vain through the authorities cited by counsel, for support of this contention. While the legislative intent may sometimes be implied when its purposes are not fully expressed, such implication must always be in harmony with its will, so far as it is clearly expressed, and the courts can make none in contravention thereof. Hence, when the Legislature in express terms repealed section 5537, supra, creating the office of city engineer in cities of the second class, the repeal of section 5541, prescribing the duties of that officer, followed by necessary implication, for the reason that such implication is in harmony and consistent with the expressed legislative will; while to imply, from the fact that the latter section was not mentioned in the repealing act, that the repeal of the former was not intended, would be to fly in the face of the expressed legislative intent. Section 5537, creating the office, was the basis upon which rested all the legislation by statute or ordinance prescribing and regulating the duties of the incumbent thereof. It was the foundation; the latter was the superstructure erected thereon, and when the foundation was removed the superstructure fell as a necessary consequence. That the whole will of the Legislature on the subject may not have been accomplished by reason of the fact that the substitute which had been prepared, and which was thereupon enacted, crumbled

into nothingness as soon as exposed to judicial air and light, can afford no pretext to the courts for setting aside or impairing the force of an act, constitutional and valid in all respects, clearly expressing the legislative will, as far as it goes, as does the act repealing the law by which the office of city engineer in cities of the second class was created.

The courts have no. power to reform legislation. As it comes from the hands of the Legislature so we must take it, good or bad, perfect or imperfect, and however much we may regret the unfortunate situation in which this legislation leaves cities of the second class in regard to one of the most important departments of municipal government, it is beyond our power to relieve it. The court erred in sustaining the demurrer to the return, and for this error the judgment will be reversed and the cause remanded. All concur.